| | |
|---|---|
| WILLIAM K. HARRINGTON<br>United States Trustee for Region 2<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Telephone: (212) 510-0500<br>By: Greg M. Zipes<br>Trial Attorney | **Hearing Date: June 30, 2020**<br>**Hearing Time: 10:00 a.m.** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
In re                                                              :   Case No. 17-12775-smb
                                                                   :
                                                                   :   (Chapter 7)
MARIA GUTIERREZ,                                                   :
                                                                   :
                                   Debtor.                         :
---------------------------------------------------------- x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the annexed declaration of Greg Zipes and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2, will move this Court before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 on **June 30, 2020 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for entry of an order pursuant to 11 U.S.C. §§ 329, 526 and 528, Rules 2016 and 2017 of the Federal Rules of Bankruptcy Procedure seeking disgorgement and damages in this case.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Motion shall be filed with the Court and served on the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014, Attention: Greg M. Zipes, Trial Attorney, so as to be received no later than seven days prior to the hearing date. Responsive papers shall state the factual grounds and legal authorities that

support the respondent's position, either in the response or in a memorandum of law.  Failure to provide this information may be grounds to strike the response or to grant the Motion by default.

Dated: New York, New York
June 5, 2020

        WILLIAM K. HARRINGTON,
        UNITED STATES TRUSTEE

*By:*   */s/ Greg M. Zipes*
        Greg M. Zipes
        Trial Attorney
        201 Varick Street, Room 1006
        New York, New York  10014
        Tel. No. (212) 510-0500

WILLIAM K. HARRINGTON
United States Trustee for Region 2
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510-0500
By: Greg M. Zipes
Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                                          :   Case No. 17-12775 (SMB)
In re                                                     :
                                                          :   (Chapter 7)
MARIA GUTIERREZ,                                          :
                                                          :
                              Debtor.                     :
----------------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE IN SUPPORT OF MOTION UNDER 11 U.S.C. §§ 329, 526 AND 528 AND BANKRUPTCY RULES 2016 AND 2017 SEEKING DISGORGEMENT OF FEES OF DAVID BELLON**

TO:   THE HONORABLE STUART M. BERNSTEIN,
      UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through the undersigned attorney, submits this motion (the "Motion") for an order pursuant to 11 U.S.C. §§ 329, 526 and 528 and Rules 2016 and 2017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking disgorgement and damages in the case (the "Chapter 7 Case") of Maria Gutierrez. In support of the Motion, the United States Trustee respectfully represents as follows:

**INTRODUCTION**

The United States Trustee seeks an order directing Mr. Bellon to disgorge the fees paid to him for legal services rendered to Ms. Gutierrez. By any measure, the fees paid to Mr. Bellon in this Chapter 7 case are shocking.

The United States Trustee became aware of the issues presented here after this Chapter 7 bankruptcy case was closed. Ms. Gutierrez contacted the United States Trustee's office and asserted that she paid her bankruptcy counsel, Mr. Bellon, the amount of $36,765.67 (the "Payment") to settle a mortgage loan obligation. She further asserted, however, that Mr. Bellon failed to provide her with proof that the mortgage was actually satisfied. The Court reopened the case to permit the United States Trustee to investigate the facts and circumstances of this transaction.

Under section 329(b) of the Bankruptcy Code, disclosure of attorney compensation is mandatory, not permissive. Sections 526 and 528 of the Bankruptcy Code impose their own disclosure requirements on a debtor's attorney. Despite repeated requests for a document showing why Mr. Bellon is entitled to the Payment, or that Ms. Gutierrez's mortgage loan has been settled, Mr. Bellon has failed to produce any documents. For the reasons set forth below, the Court should direct Mr. Bellon to disgorge all his fees in this case.

## **JURISDICTION**

This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The relief sought herein is governed by 11 U.S.C. §§ 329, 526 and 528 and Rules 2016 and 2017.

**BACKGROUND**

  A.  **General.**

  On October 3, 2017 ("Petition Date"), Ms. Gutierrez filed a Voluntary Petition under chapter 7 of the Bankruptcy Code, along with schedules of assets and liabilities ("Schedules"). Bk. Dkt. No. 1.[1]  *See* Zipes Decl. Ex. A.

  Mr. Bellon is the attorney of record for Ms. Gutierrez in her bankruptcy case. *See id*. The "Disclosure of Compensation of Attorney for the Debtor" filed by Mr. Bellon along with the Petition shows that Mr. Bellon agreed to accept $1,500 as compensation for legal services related to the bankruptcy case. *See* Zipes Decl. Ex. B.

  According to her Schedules, on the Petition Date, Ms. Gutierrez owned real property located at 2408 Ryer Avenue, Bronx, New York ("Property"), with a value of $411,000. *See id.*, Sch. A. Ms. Gutierrez listed two mortgages on the Property, the first of which was a mortgage in favor of Citibank NA, in the amount of $120,000 ("Citi Mortgage"). *See id.*, Sch. D. Before her bankruptcy filing, Citibank had sued Ms. Gutierrez in Bronx County Supreme Court to foreclose on the Citi Mortgage. *See id.*, Statement of Financial Affairs, Item 10.

  B.  **Loss Mitigation Requests by Ms. Gutierrez.**

  In the Southern District of New York, the bankruptcy court sponsors a "Loss Mitigation Program" in which individual debtors such as Ms. Gutierrez and mortgagees like Citibank attempt to negotiate a consensual resolution whenever the debtor's residential property is at risk of foreclosure, rather than seeking dismissal of the bankruptcy case or proceeding with foreclosure

---

[1] All references to "Dkt." refer to documents filed in the docket of Ms. Gutierrez's bankruptcy case. Bankr. Case No. 17-12775 (SMB). All references to "Appeal Dkt." are to documents filed in the docket of *David A. Bellon v. United States Trustee*, No. 19-CV-10897 (LTS).

in New York state court.[2] Once the Loss Mitigation Program is triggered in a given bankruptcy case by the entry of a case-specific order, then applicable Program rules stay certain bankruptcy deadlines that might interfere with the negotiations or increase costs to the parties. Typical "loss mitigation" resolutions include mortgage loan modifications, loan refinances, forbearances, short sales, surrenders in full satisfaction of a mortgage loan, or combinations thereof. *See* Zipes Decl. at ¶ 7.

On October 26, 2017, Ms. Gutierrez sought to modify her Citi Mortgage by filing a Loss Mitigation Request in the bankruptcy court. Bk. Dkt. No. 7. On February 6, 2018, Ms. Gutierrez filed a second Loss Mitigation Request, seemingly for the same Citi Mortgage. Bk. Dkt. No. 12.

Despite preparing and filing two loss mitigation requests on behalf of Ms. Gutierrez, Mr. Bellon failed to appear at a loss mitigation hearing in the bankruptcy court on March 15, 2018. Bk. Dk. No. 15. On March 20, 2018, the Court entered a memorandum endorsement denying Mr. Bellon's request for an adjournment of the loss mitigation hearing. *Id.* But in order to preserve Ms. Gutierrez's opportunity to ask for loss mitigation in her bankruptcy case, the Court also specifically ordered: "The Debtor is directed to file a new motion, if necessary to obtain relief." *Id.* The order was served upon Mr. Bellon, as Ms. Gutierrez's counsel, through the bankruptcy court's CM/ECF information system. *See* Zipes Decl. at ¶ 10

### C. The Closing of the Bankruptcy Case.

Despite having the opportunity to do so, Mr. Bellon made no further loss mitigation requests on behalf of Ms. Gutierrez. *See* Bk. Dkt. Ms. Gutierrez then received a discharge of

---

[2] The bankruptcy court's loss mitigation procedures are located at:
http://www.nysb.uscourts.gov/loss-mitigation.

her debts on June 22, 2018, and her bankruptcy case was promptly closed three days later. Bk. Dkt. No. 16 and docket entry dated June 25, 2018. *See* Zipes Decl. at ¶ 12

### D. Post-Closing Events.

In early 2019, Ms. Gutierrez contacted the Office of the United States Trustee. Through a relative, Ms. Gutierrez claimed that she had paid her former attorney, Mr. Bellon, more than $35,000 for the purpose of resolving her pre-petition mortgage dispute with Citibank. Bk. Dkt. No. 18. Ms. Gutierrez produced a check in the amount of $36,765.67 (previously defined as the Payment). *See* Zipes Decl. at ¶13 and Ex. D. The check was dated July 9, 2018 – roughly two weeks after the Debtor's bankruptcy case was closed. *Id*. Ms. Gutierrez further asserted that Mr. Bellon had failed to provide her with proof that her foreclosure action with Citibank – in which Mr. Bellon represented her – had actually been resolved. *Id*.

The Office of the United States Trustee requested information from Mr. Bellon about the Payment that Ms. Gutierrez made to him. *Id.*, ¶ 13 at 3. By letter to counsel for the United States Trustee, dated June 27, 2019 ("Bellon Letter"), Mr. Bellon stated that "I have represented Ms. Gutierrez, her former spouse Jose Turcios, case number: 14-22031, rdd and her son David Gutierrez in Bronx County Supreme Court, Index No.: 0381054/2013. In each one we have prevailed . . . My contingency agreement was with Mr. Gutierrez. I represented his interests in the foreclosure action and my fee was earned upon disposition of the foreclosure action." *Id*. ¶ 14 at 4

### E. The United States Trustee's Motion to Reopen

Though receiving over $37,000, Mr. Bellon did not obtain a bankruptcy court order voiding Ms. Gutierrez's Citi Mortgage through the court's Loss Mitigation Program, and even though alleging that the pre-petition foreclosure action had been disposed of, he failed to furnish

5

the Office of the United States Trustee with any documentary proof that he had actually succeeded in voiding Ms. Gutierrez's mortgage in Bronx County Supreme Court, or otherwise settled or restructured her mortgage loan. *Id.*, ¶ 15 at 4-5. So having reached an impasse with Mr. Bellon, on October 11, 2019 the United States Trustee filed a Motion to Reopen Ms. Gutierrez's bankruptcy case, pursuant to Bankruptcy Code § 350(b), and Federal Rules of Bankruptcy Procedure 5010 and 9024 (which makes Fed. R. Civ. P. 60 applicable in bankruptcy cases). Bk. Dkt. No. 18. The United States Trustee sought to reopen the case to investigate the Payment to Mr. Bellon and its underlying facts and circumstances.

Although together with the Motion to Reopen, the United States Trustee could have filed a motion seeking an order directing Mr. Bellon to disgorge all fees received, the United States Trustee instead provided him with several opportunities to provide documents relevant to the United States Trustee's inquiry. *See* Zipes Decl. Ex. F, ¶ 22 at 6-7. As the United States Trustee put it in the Motion to Reopen: "Mr. Bellon may produce proof that the Citi Mortgage was canceled or modified. Or Mr. Bellon can produce a written agreement with the Debtor's husband explaining their compensation arrangement. In this regard, the Mr. Bellon invoked loss mitigation twice in this case, but apparently did not pursue it."[3] *Id*.

On October 31, 2019, Mr. Bellon filed an objection to the Motion to Reopen, raising procedural issues, arguing that the Motion to Reopen was not timely, and asserting that the

---

[3] In support of the Motion to Reopen, the United States Trustee also filed the detailed declaration of Maria Catapano, paralegal specialist in the Office of the United States Trustee. The "Catapano Declaration" included six exhibits: (a) relevant portions of Ms. Gutierrez's Schedules; (b) the "Disclosure of Compensation of Attorney," showing Mr. Bellon agreed to accept $1,500 as compensation in the bankruptcy case; (c) a copy of the Court's memorandum endorsement denying Mr. Bellon's request to adjourn the loss mitigation hearing; (d) a copy of the Payment check; (e) the Bellon Letter; and (f) a proposed order to reopen.

matter was better resolved in state court. Bk. Dkt. No. 20. Mr. Bellon's objection still did not include documentary proof that the Citi Mortgage had been voided or settled. *See id.* Instead, Mr. Bellon alleged that he had shown Ms. Gutierrez an order dismissing Citibank's pre-petition action against her, which he alleged voided the Citi Mortgage. *See id.*

On November 7, 2019, the bankruptcy court heard the Motion to Reopen ("Hearing"). *See* Zipes Decl. Ex. G (Bk. Dkt. No. 29, Transcript ("Tr.")). At the Hearing, counsel for the United States Trustee reiterated that, if the Citi Mortgage indeed "was voided out, we just wanted to see the paperwork, and we never saw it. What we did see was that [Citibank's foreclosure action] was dismissed." *Id.* at 5:7-9.

In response to a direct query from the Court, Mr. Bellon represented, not that the Payment to him or any portion of it was used to pay Citibank, but that the "[P]ayment was for my services in the state court." *Id.* at 6:23-24. Mr. Bellon also questioned the timeliness of the Motion to Reopen because the motion was filed one year and five months after the closing of Ms. Gutierrez's case. *Id.* at 8:10-12. But the bankruptcy court reminded Mr. Bellon that the one-year limitation of Rule 60(c) does not apply to motions to reopen. *Id.* at 8:13-25.[4]

**F.      The Appeal of the Reopening Order**

On November 8, 2019, the Court entered the Order Reopening Case. Bk. Dkt. No. 21 (**"Reopening Order"**). On November 17, 2019, however, Mr. Bellon filed a notice of appeal of the Reopening Order. Bk. Dkt. No. 25. Bellon v. Harrington, No. 19-CV-10897 (LTS).

---

[4]      Bankruptcy Rule 9024 (Relief from Judgment or Order) expressly provides that Rule 60 "applies in cases under the Code, except that (1) a motion to reopen a case under the Code . . . is not subject to the one year limitation period prescribed in Rule 60(c)." Fed. R. Bankr. P. 9024.

The U.S. Trustee filed a motion to dismiss Mr. Bellon's appeal of the Reopening Order on January 20, 2020, on the grounds that the district court lacked jurisdiction under 28 U.S.C. § 158(a) because the Reopening Order was interlocutory, and that otherwise leave to appeal should not be granted. Dt. Ct. Dkt. No. 11. Mr. Bellon objected forcefully to the motion to dismiss his appeal. Dt. Ct. Dkt. No. 13, 15. But in a Memorandum Order entered May 7, 2020, the district court (Hon. Judge Laura Taylor Swain) agreed that it did not have appellate jurisdiction and dismissed the appeal. Dt. Ct. Dkt. No. 16. *See* Zipes Decl. Ex. H.

## BASIS FOR RELIEF

### A. Mr. Bellon Must Disgorge His Fees Under 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b).

Disclosure of compensation pursuant to the section of the Bankruptcy Code governing a debtor's transactions with attorneys and the bankruptcy rule governing disclosure of compensation paid or promised to an attorney for a debtor is mandatory, not permissive. 11 U.S.C.A. § 329; Fed. R. Bankr. P. 2016(b).

Section 329(b) provides for the return of any compensation if that "compensation exceeds the reasonable value of any such services. . ." 11 U.S.C. § 329. Section 329 "was enacted because 'payments to a Debtor' attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the Debtor' attorney, and should be subject to careful scrutiny.'" *In re Campbell*, 259 B.R. 615, 625 (Bankr. N.D. Ohio 2001) (quoting H.R. Rep. No. 95-595, at 329 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6285); *see also In re Jackson*, 401 B.R. 333, 339 (Bankr. N.D. Ill. 2009). It, along with Rule 2016(b), enables courts to carefully scrutinize compensation paid to Debtor' attorneys, providing protection to Debtor and creditors and preventing overreaching by attorneys. *Jensen v. United States Trustee (In re Smitty's Truck Stop, Inc.)*, 210 B.R. 844, 848 (B.A.P. 10th

Cir. 1997).

"The combination of historical abuses, Congressional mandate and debtor vulnerability has created in the court not just a power to review the compensation of debtor's counsel, but a duty." *In re Heilpern*, No. 16 CIV. 7854 (CM), 2018 WL 4907587, at *3 (S.D.N.Y. Sept. 27, 2018) (*citing In re Kestner*, Nos. 12-32831-RAG, 12-32832-NVA, 2015 WL 1855357, at *10 (Bankr. D. Md. Apr. 20, 2015)). The burden of proof is on the attorney to show that any compensation he or she has received is reasonable. *In re Ostas*, 158 B.R. 312, 323 (Bankr. N.D.N.Y. 1993). An attorney's failure to adequately represent a Debtor in a Chapter 7 case warrants the return of the fee paid by the Debtor. *In re Grant*, 14 B.R. 567, 568 (Bankr. S.D.N.Y. 1981) ("When the trustee serving in a case or the United States Trustee obtains sufficient information which either or both believes raises a question as to the amount of compensation an attorney has received, the proper procedure is for them to seek appropriate relief in the Bankruptcy Court pursuant to 11 U.S.C. 329(b).").

On the motion of a party in interest, including the United States Trustee, Bankruptcy Rule 2017(a) and (b) permits the Court to determine whether any payment or transfer of property to an attorney "in contemplation of" the filing of the bankruptcy petition, or "after entry of an order for relief in a case under the Code" is excessive. Fed. R. Bank. P. 2017; *In re Alessandro*, No. 10-12511 (ALG), 2010 WL 3522255, *2 (Bankr. S.D.N.Y. Sept. 7, 2010).

Here, extraordinary circumstances and cause exists for disgorgement. Mr. Bellon was entitled to a payment of $1,500 for the filing of this bankruptcy case. *See* Zipes Decl. Ex. B. However, with the Payment made to him after the case was closed, he received a payment many multiples in excess of that amount. *See* Zipes Decl. Ex. E. As itemized above, no bankruptcy court order was entered modifying or canceling the Citi Mortgage. *See* Zipes Decl. ¶ 15.

9

Therefore, if Mr. Bellon had reduced or cancelled the Citi Mortgage, he should have obtained an order in the foreclosure action to protect his client and himself, or otherwise presented proof to the United States Trustee that Ms. Gutierrez's mortgage loan had been satisfied, settled, or restructured. In this regard, a self-serving declaration to the effect that the foreclosure action was dismissed is insufficient, as it proves nothing with respect to the disposition of Ms. Gutierrez's mortgage loan itself.

**B. Mr. Bellon Must Disgorge His Fees Under Sections 526 and 528 of the Bankruptcy Code**

A debt relief agency[5] is statutorily barred from failing "to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case" under Title 11. 11 U.S.C. § 526(a)(1). A debt relief agency also "shall not . . . misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to – (A) the services that such agency will provide to such person; or (B) the benefits and risks that may result if such person becomes a debtor in a case" under Title 11. 11 U.S.C. § 526(a)(3).

In relevant part, 11 U.S.C. § 526 also states as follows:

(c)(1) Any contract for bankruptcy assistance between a debt relief agency and an assisted person that does not comply with the material requirements of this section, section 527, or section 528 shall be void and may not be enforced by any Federal or State court or by any other person, other than such assisted person.

(c)(2) Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs if such agency is found, after notice and a hearing, to have --
    (A) intentionally or negligently failed to comply with any provision of

---

[5] "Debt relief agency" means any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration." 11 U.S.C. § 101(12A). "Assisted person" means any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $192,450." 11 U.S.C. § 101(3).

> this section, section 527, or section 528 with respect to a case or proceeding under
> this title for such assisted person;
> . . . or
> (C) intentionally or negligently disregarded the material requirements of
> this title or the Federal Rules of Bankruptcy Procedure applicable to such agency.

11 U.S.C. § 526.

The BAPCPA amendment provides sanctions and remedies against debt relief agencies. First, if the fee contract "does not comply with the material requirements" of these statutes, then the contract "shall be void and may not be enforced by any Federal or State court." 11 U.S.C. § 526(c)(1). Second, if the debt relief agency fails to comply, it may be required to disgorge fees and charges in connection with the bankruptcy representation and may be liable for actual damages, attorney's fees, and costs. *Id.*, § 526(c)(2).

> 11 U.S.C. § 528(a)(1) – A debt relief agency shall–
>
> (1) not later than 5 business days after the first date on which such agency
> provides any bankruptcy assistance services to an assisted person, but prior to
> such assisted person's petition under this title being filed, execute a written
> contract with such assisted person that explains clearly and conspicuously–
> (A) the services such agency will provide to such assisted person; and
> (B) the fees or charges for such services, and the terms of payment.

11 U.S.C. § 528.

The purpose of incorporating the provisions in 11 U.S.C. §§ 526-528 was to require debt relief agencies to disclose specific information about the bankruptcy process to consumer debtors, whose frequent ignorance and confusion could subject them to easy deception. *Conn. Bar Ass'n v. United States*, 620 F. 3d 81, 96 (2nd Cir. 2010). Attorneys such as Mr. Bellon are debt relief agencies when they provide qualifying services under sections 526-528. *Milavetz, Gallop & Milavetz v. United States*, 559 U.S. 229 (2010). Sections 526-528 govern the relationship between "debt relief agencies" and "assisted persons," by regulating the manner in

which bankruptcy attorneys provide services to their clients. *Hersh v. United States*, 553 F.3d 743, 747 (5th Cir. 2008).

A debt relief agency must execute a written contract with the assisted person, not later than five (5) business days after the date on which it first provided bankruptcy assistance to the assisted person, that clearly and conspicuously explains the services that the debt relief agency will provide to the assisted person, the fees or charges for such services, and the terms of payment. 11 U.S.C. § 528(a). A fully executed and completed contract must be signed by all the parties. *In Re Seare*, 493 B.R. 158, 214 (Bank. D. Nevada 2013) *aff'd*, 515 B.R. 599 (B.A.P. 9th Cir. 2014). The debt relief agency must provide the assisted person with a copy of the fully executed and completed contract. 11 U.S.C. § 528(a)(2).

In this case, despite Mr. Bellon's earlier statements, there is no proof that he actually performed the services that he informed Ms. Gutierrez that he would provide in connection with her bankruptcy case. Quite the opposite, he abandoned the loss mitigation efforts that he started in this case. His failure to act could have consequences for Ms. Gutierrez now, if she believes she does not have to pay the Citi Mortgage. It could have consequences in the distant future when Ms. Gutierrez seeks to sell the Property.

The record is bereft of any indication that Mr. Bellon complied with the contract-delivery provisions of section 528. Mr. Bellon has "intentionally or negligently" failed to comply with this provision, warranting the award of actual damages to this Debtor, including the return of the Payment and any further damages she may demonstrate to the Court.

## V. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court grant the United States Trustee's Motion and grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 5, 2020

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE

                            *By:*    */s/ Greg M. Zipes*
                                        Greg M. Zipes
                                        Trial Attorney
                                        201 Varick Street, Room 1006
                                        New York, New York  10014